## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Kaleb Myers<br>204 Johnson Ave.<br>Mt. Vernon, Ohio 43050<br><br>    Individually and on behalf of other<br>    members of the general public<br>    similarly situated,<br><br>                               Plaintiff,<br><br>v.<br><br>Ohio Rental Mt. Vernon, Inc.<br>200 Columbus Rd.<br>Mt. Vernon, Ohio 43050<br><br>-and-<br><br>Jay Maners<br>200 Columbus Rd.<br>Mt. Vernon, Ohio 43050<br><br>-and-<br><br>Angelina Maners<br>200 Columbus Rd.<br>Mt. Vernon, Ohio 43050<br><br>                               Defendants. | Civil Action No. 2:17-cv-679<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**Collective Action Complaint**<br><br>**Jury Demand Endorsed Hereon** |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Plaintiff Kaleb Myers (referred to herein as "Plaintiff" or "Named Plaintiff"), individually and on behalf of other members of the general public similarly situated, for his complaint against Defendants Ohio Rental Mt. Vernon, Inc. ("ORMV"), Jay Maners ("Defendant JM"), and Angelina Maners ("Defendant AM") (collectively "Defendants"), for their failure to pay employees overtime wages seeking all available relief under the Fair Labor

Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted individually by the Named Plaintiff and all Ohio Opt-ins who join this case. The following allegations are based on personal knowledge as to the Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

I. **JURISDICTION AND VENUE**

1. This action is brought pursuant to the FLSA, the Ohio Wage Act, the OPPA, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because the Named Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claims occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

II. **PARTIES**

A. **Plaintiff**

4. Named Plaintiff Kaleb Myers is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Named Plaintiff Myers started working for Defendants in or around June 2014 until July 2017.

### B. Defendants

6. Defendant ORMV is an Ohio corporation with its principal place of business in the Southern District of Ohio. ORMV employees the individuals working at Ohio Rental, an equipment rental shop located at 200 Columbus Rd., Mt. Vernon, Ohio 43050.

7. Defendant JM is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio who owns, controls and operates Defendant ORMV and who otherwise conducts substantial business in the Southern District of Ohio.

8. Defendant AM is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio who owns, controls and operates Defendant ORMV and who otherwise conducts substantial business in the Southern District of Ohio.

9. During relevant times, Defendants JM and AM, as owners of Defendant ORMV, have had operational control over significant aspects of the day-to-day functions of all Defendants, including the day-to-day functions, employment and pay of the Plaintiff here.

10. During relevant times, Defendants JM and AM have had the authority to hire, fire and discipline employees, including Plaintiff.

11. During relevant times, Defendants JM and AM have had the authority to set rates and methods of compensation of employees, including Plaintiff.

12. During relevant times, Defendants JM and AM have had the authority to control the work schedules and employment conditions of employees, including Plaintiff.

13. During relevant times, Defendants JM and AM have had ultimate authority and control of employment records.

14. During relevant times, Defendants JM, AM, and ORMV have all mutually benefitted from the work performed by Plaintiff.

15. During relevant times, Defendants JM, AM, and ORMV have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff.

16. During relevant times, Defendants JM, AM and ORMV have all shared the services of Plaintiff.

17. During relevant times, Defendants JM, AM and ORMV all acted directly or indirectly in the interest of each other in relation to Plaintiff.

18. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA and the Ohio Wage Act, doing business in the Southern District of Ohio.

19. Defendants, jointly and individually, conduct substantial business in the Southern District of Ohio and have their headquarters in Knox County, Ohio.

**III.   FACTS**

20. During his employment with Defendants, Named Plaintiff worked as an hourly, non-exempt Front Counter Retail Associate at Ohio Rental, Defendants' equipment rental shop located at 200 Columbus Rd., Mt. Vernon, Ohio 43050.

21. Named Plaintiff regularly worked more than 40 hours per week, but was not paid one and one-half his regular rate for all of hours worked over 40.

22. At all times relevant herein, the Named Plaintiff was an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Wage Act.

23. The Named Plaintiff brings this action on his own behalf and on behalf of those similarly situated, and has given his written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consent to be Party Plaintiff*, attached hereto as **Exhibit A**).

24. Defendants are and have been an "employer" as that term is defined by the FLSA and the Ohio Wage Act.

25. At all times relevant to this action, Defendants have been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

26. Upon information and belief, Defendants' employees were engaged in interstate commerce and Defendants have annual gross volume sales and/or business in an amount not less than $500,000.00.

27. During relevant times, Defendants suffered and permitted the Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rates of pay.

28. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

29. During relevant times, Defendants had knowledge of and acted willfully in regards to their conduct described herein.

30. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

### IV. COLLECTIVE ACTION ALLEGATIONS

31. The Named Plaintiff brings his FLSA claim pursuant to 29 U.S.C. §216(b) as a representative action on behalf of himself and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

    > All current and former non-exempt employees of Defendants who during the previous three (3) years worked over 40 hours in any workweek but were not paid time and a half for the hours they worked over 40 (the "216(b) Class" or the "216(b) Class Members").

32. Examples of employees who may be members of the 216(b) Class include, but may not be limited to, front counter retail employees, shop employees, mechanics, service technicians, service department employees, and or equivalent positions primarily performing similar non-exempt job duties for Defendants.

33. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to the Named Plaintiff, numerous putative 216(b) Class Members have been denied proper overtime compensation due to Defendants' company-wide payroll policies and practices.

The Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

34. The identity of the putative 216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

V. ALLEGATIONS PERTAINING TO PLAINTIFF AND THOSE SIMILARLY SITUATED

35. All of the preceding paragraphs are realleged as if fully rewritten herein.

36. During relevant times, Plaintiff and those similarly situated worked more than forty (40) hours in workweeks, but were not compensated at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of 40 because of Defendants' company-wide payroll policy and practice of not properly paying overtime wages.

37. During relevant times, Plaintiff and those similarly situated were not exempt from the overtime provisions of the FLSA and the Ohio Wage Act.

38. Plaintiff and those similarly situated have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein.

VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

39. All of the preceding paragraphs are realleged as if fully rewritten herein.

40. This claim is brought as part of a collective action by the Named Plaintiff on behalf of himself and the 216(b) Class.

41. During the three years preceding the filing of this Complaint, Defendants jointly employed the Named Plaintiff and the §216(b) Class Members.

42. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

43. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

44. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, he was not an "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.1, *et seq*.

45. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, he was not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR § 541.301.

46. During the three years preceding the filing of this Complaint, Defendants employed the Named Plaintiff and the 216(b) Class Members.

47. The Named Plaintiff and the 216(b) Class Members were paid on an hourly basis and worked in non-exempt positions.

48. The Named Plaintiff and the 216(b) Class Members regularly worked in excess of 40 hours in workweeks.

49. Defendants violated the FLSA with respect to Named Plaintiff and the 216(b) Class by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates for all hours worked over forty (40) hours in a workweek due to Defendants' company-wide payroll policy and practice of not properly paying overtime wages.

50. The Named Plaintiff and the 216(b) Class Members were not exempt from receiving FLSA overtime benefits.

51. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the 216(b) Class Members are entitled.

52. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Named Plaintiff and the 216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

53. As a direct and proximate result of Defendants' conduct, the Named Plaintiff and the 216(b) Class Members have suffered and continue to suffer damages. The Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of himself and the 216(b) Class Members.

## SECOND CAUSE OF ACTION:
## O.R.C. 4111.03 — UNPAID OVERTIME PURSUANT TO THE OHIO WAGE ACT

54. All of the preceding paragraphs are realleged as if fully rewritten herein.

55. This claim is brought under the Ohio Wage Act.

56. The Named Plaintiff and those similarly situated to the Named Plaintiff have been jointly employed by Defendants, and Defendants are an employer covered by the overtime requirements under the Ohio Wage Act.

57. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours

worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

58. The Named Plaintiff and those similarly situated to the Named Plaintiff from Ohio worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid one and one-half times their regular hourly rate for all hours worked over 40 in a workweek.

59. Defendants' company-wide corporate policy of not properly paying their hourly, non-exempt one and one-half times their regular hourly rates of pay rates for each hour worked over forty (40) hours in a workweek resulted in unpaid overtime.

60. Named Plaintiff and those similarly situated Ohioans were not exempt from the wage protections of the Ohio Wage Act.

61. Defendants' repeated and knowing failure to pay overtime wages to the Named Plaintiff and those similarly situated Ohioans were violations of O.R.C. §4111.03, and as such, Defendants acted willfully.

62. For Defendants' violations of O.R.C. §4111.03, by which the Named Plaintiff and those similarly situated Ohioans have suffered and continue to suffer damages; the Named Plaintiff and those similarly situated Ohioans seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

### THIRD CAUSE OF ACTION:
### O.R.C. 4113.15 — VIOLATION OF THE OPPA

63. All of the preceding paragraphs are realleged as if fully rewritten herein.

Case No. 2:17-cv-679
Page 10 of 15

64. During relevant times, Defendants were entities covered by the OPPA and the Named Plaintiff and those similarly situated Ohioans have been employed by Defendants within the meaning of the OPPA.

65. The OPPA requires Defendants to pay Named Plaintiff and those similarly situated Ohioans all wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by him during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

66. During relevant times, Named Plaintiff and those similarly situated Ohioans were not paid all wages, including overtime wages at one and one-half times his regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

67. The Named Plaintiff's and those similarly situated Ohioans' unpaid wages remain unpaid for more than thirty (30) days beyond his regularly scheduled payday.

68. Named Plaintiff and those similarly situated Ohioans have been harmed and continue to be harmed by such unpaid wages.

69. In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

**FOURTH CAUSE OF ACTION:**
**RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT**

70. All of the preceding paragraphs are realleged as if fully rewritten herein.

71. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

Case: 2:17-cv-00679-ALM-CMV Doc #: 1 Filed: 08/02/17 Page: 12 of 15  PAGEID #: 12

72. During times material to this complaint, Defendants were a covered employer, and required to comply with the Ohio Wage Act's mandates.

73. Named Plaintiff and those similarly situated Ohioans were covered employees entitled to the protection of the Ohio Wage Act.

74. During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Named Plaintiff and those similarly situated Ohioans by failing to properly maintain accurate records of all hours Named Plaintiff and those similarly situated Ohioans worked each workday and within each workweek.

75. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

VII. **PRAYER FOR RELIEF**

**WHEREFORE**, as to **Count I**, Named Plaintiff and other members of the § 216(b) Class pray for an Order as follows:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. A declaratory judgment that Defendants' recordkeeping policies and practices alleged herein violate the federal recordkeeping requirements pursuant to 29 C.F.R. §§ 516.2, *et seq*.

D. Directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Named Plaintiff and the putative collective members per week, and because Defendants have failed to keep accurate records in accordance with the Ohio

Collective Action Complaint - *Myers v. Ohio Rental Mt. Vernon, Inc., et al*
Case No. 2:17-cv-679
Page 12 of 15

Wage Act, Named Plaintiff, the 216(b) Class Members and similarly situated Ohioans are entitled to prove their hours worked with reasonable estimates;

E. Judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiff and the §216(b) Class during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

F. Judgment against Defendants for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff and all other similarly situated employees during the applicable statutory period;

G. Directing Defendants to pay reasonable attorney's fees and all costs connected with this action;

H. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I. Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled; and

J. Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II**, **III and IV**, Named Plaintiff requests judgment against Defendants for violations of the Ohio Wage Act and the OPPA, and for an Order:

K. Awarding to the Named Plaintiff and the Ohio members of the 216(b) Class unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

L. Finding that Defendants failed to keep accurate records in accordance with the Ohio Wage Act, and Plaintiffs are entitled to prove their hours worked with reasonable estimates;

M. Awarding Named Plaintiff and the Ohio members of the 216(b) Class costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

N. Awarding Named Plaintiff and the Ohio members of the 216(b) Class such other and further relief as the Court deems just and proper;

O. Awarding judgment against Defendants for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the 216(b) Class during the applicable statutory period;

P. Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the Ohio Acts.

> Respectfully submitted,
>
> */s/ Matthew J.P. Coffman*
> Matthew J.P. Coffman (0085586)
> Coffman Legal, LLC
> 1457 S. High St.
> Columbus, Ohio 43207
> Phone: 614-949-1181
> Fax: 614-386-9964
> Email: mcoffman@mcoffmanlegal.com
>
> Peter Contreras (0087530)
> **CONTRERAS LAW, LLC**
> PO Box 215
> Amlin, Ohio 43002
> Phone: 614-787-4878
> Fax: 614-923-7369
> Email: peter.contreras@contrerasfirm.com
>
> *Attorneys for Named Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

> */s/ Matthew J.P. Coffman*
> Matthew J.P. Coffman (0085586)